## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN ANDERSON,                 : EASTERN DISTRICT OF
1905 South 19th Street            : PENNSYLVANIA
Philadelphia, PA 19145-2917      :
                      Plaintiff      :

   v.                              :
                                :

CITY OF PHILADELPHIA        :
Office of the City Solicitor        :
1515 Arch St., 15 Fl.            :
Philadelphia, PA 19107       :
   and                         :
                                :

DEPARTMENT OF LICENSES &    :
INSPECTIONS                 :
11th Floor, Municipal Services Bldg.   :
1401 John F. Kennedy Blvd.      :
Philadelphia, PA 19102       :
   and                         :
                                :

FRAN BURNS                  : Number: 11 5614
Commissioner               :
Philadelphia Dept. of Licenses and Inspections   : Common Pleas
11th Floor, Municipal Services Bldg.   : Case ID: 110801132
1401 John F. Kennedy Blvd.      :
Philadelphia, PA 19102       :
   and                         :
                                :

B. CLARK                   :
Inspector                 :
Philadelphia Dept. of Licenses and Inspections   :
11th Floor, Municipal Services Bldg.   :
1401 John F. Kennedy Blvd.      :
Philadelphia, PA 19102       :
   and                         :
                                :

JPC GROUP                :
2034 South 13th Street         :
Philadelphia, PA 19148       : CIVIL COMPLAINT
                  Defendants    :

RULE 26(a) DISCLOSURES

1. **Individuals with discoverable information**

   a. Karen Anderson
   1905 South 19th Street
   Philadelphia, PA 19145-2917

2. **Documents to support claim**

   a. Notice from City dated December 9, 2010

   b. Mailing envelope with postmark of January 31, 2011

   c. February 7, 2011, Police Report 75-48

3. **Basis for computation of damages**

   a. October 23, 2009, Appraisal of Property

4. **Caselaw to support claim**

   a. *El Malik v. Philadelphia*, et al, 2007 U.S. Dist. LEXIS 21768 (E.D. Pa Mar 26, 2007) ("The elements of substantive due process claim are 1) deprivation of a fundamental property interest and 2) governmental deprivation of that property interest in a manner that is arbitrary or shocks the conscience" and "Procedural due process normally requires that a governmental deprivation of ... property be preceded by notice and opportunity for hearing appropriate to the nature of the case" where notice is "reasonably calculated to apprise interested parties of the pendency of the action and afford them opportunity to present their objections").

   b. *Gordon v. Philadelphia*, 2009 U.S. Dist. LEXIS 77009 (E.D. Pa Aug. 28, 2009) (Court found for plaintiff where notice which indicated that City "may" eliminate unsafe conditions and where notice was not reasonably calculated to reach plaintiff).

   c. *Sershen v. Cholish*, 2009 U.S. Dist. LEXIS 117772 (M.D. Pa. Dec. 17, 2009) (To determine whether due process was violated, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." To determine whether procedural due process rights have been violated, the court must weigh: (1) the private interest affected by the government action; (2) "the risk of an erroneous deprivation" of the private interest through the procedures used by the government, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the government function at issue and the fiscal and

2

administrative burdens that additional or substitute procedural safeguards would require. (citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976))

5. **Discovery Plan**

    a.    Email and other communications from and to the City of Philadelphia and JPC Group and internal to the City of Philadelphia and JPC Group, regarding inspection, determination of status, and demolition of 1601-03 South 22nd Street, Philadelphia, Pennsylvania ("Property").

    b.    Training manuals, brochures, and any other City of Philadelphia and JPC Group documents addressing the procedures and policies of the City regarding inspections, determination of status, and demolition of properties.

    c.    Depositions of appropriate City and JPC Group personnel who inspected, determined status, and/or participated in the decision to demolish or who participated in the demolition of the Property.

Attorney for Plaintiff

Louis Schwartz, Esquire
I.D. NO. 53752
1528 Walnut Street, Suite 600
Philadelphia, PA 19102
(215) 790-1682
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

RE: _Anderson v. City of Phila et al_

COURT TERM AND NO. _2:11-cv-05614-CDJ_

I hereby certify that I have served a copy of this _Rule 26(a) Disclosures_
upon all other parties or their attorney of record by:

_____✓_____ Regular First Class Mail on _Oct 18, 2011_

_____ Certified Mail on _____

_____ Electronically filed

_____ Other

The response date is due _____

_____
Louis S. Schwartz
Attorney for _Plaintiff_

Dated: _10/18/11_