UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN ANDERSON<br>            Plaintiff<br>   v.<br><br>CITY OF PHILADELPHIA,<br>DEPARTMENT OF LICENSE AND<br>INSPECTION, FRAN BURNS, B. CLARK<br>and<br>            Defendants<br><br>JPC GROUP, INC.<br><br>      Defendant/Third Party<br>      Plaintiff<br><br>   v.<br><br>SURILLO AND PAREDES GENERAL<br>CONTRACTING, INC. d/b/a SURILLO &<br>PADARES GENERAL CONTRACTING<br><br>      Third Party Defendant | CIVIL ACTION NO. 11-5614<br><br>JURY TRIAL DEMANDED |

### SURILLO AND PAREDES GENERAL CONTRACTING, INC.'S ANSWER TO THIRD PARTY COMPLAINT OF THIRD PARTY PLAINTIFF, JPC GROUP, INC.

1.   Admitted.

2.   Admitted.

3.   Denied as stated. Plaintiff's Complaint is attached as Exhibit "A" to the Third Party Complaint of JPC Group, Inc., and the Plaintiff's Complaint, a writing, in its entity, speaks for itself.

4.   Denied as stated. Plaintiff's Complaint is attached as Exhibit "A" to the Third Party Complaint of  JPC Group, Inc., and the Plaintiff's Complaint, a writing, in its entity, speaks for itself.

5. It is admitted that JPC Group, Inc., (hereinafter referred to as "JPC") had a subcontract with Surillo and Paredes General Contracting, Inc., (hereinafter referred to as "S&P"). With regard to the remainder of this averment, S&P, after reasonable investigation, is without knowledge sufficient to form a belief as to the truth or falsity of this averment.

6. Admitted.

7. Denied. This paragraph states a conclusion of law to which no response is required.

8. Denied. S&P, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment. This paragraph also states a conclusion of law to which no response is required.

9. Denied. S&P denies that it has a contractual and/or common law obligation to indemnify, defend and harmless JPC in the underlying action.

10. Denied. After reasonable investigation S&P is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment.

11. S&P admits that it is a Pennsylvania corporation but its principal place of business is located at 4159 Orchard Street, Philadelphia, PA 19124.

12. Denied. This paragraph states a conclusion of law to which no response is required. There is no claim that Defendant S&P acted under color of any state ordinance, regulation, custom or usage of any state and there is no federal court jurisdiction over the claims made against S&P.

13. Denied. This paragraph states a conclusion of law to which ono response is required.

14. S&P incorporates by reference all of the paragraphs in this answer set forth above as though the same were set forth at length here.

15. Defendant S&P is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment.

16. It is admitted that there was a subcontract between JPC and S&P dated January 26, 2011 and a copy of that Contract is attached to the Third Party Complaint of JPC

against S&P. By way of further answer, the averments in this paragraph are based upon the written subcontract and S&P denies any interpretation of said writing by JPC.

17. Denied. It is admitted that the subcontract states in part what is averred by JPC in paragraph 17 of this Complaint. By way of further answer, the averments in this paragraph are based upon the written subcontract and S&P denies any interpretation of said writing by JPC.

18. Denied. It is admitted that the subcontract states in part what is averred by JPC in paragraph 18 of this Complaint. By way of further answer, the averments in this paragraph are based upon the written subcontract which is a writing and S&P denies any interpretation of said writing by JPC.

19. Denied. This paragraph states a conclusion of law to which no response is required. The averments in this paragraph are based upon a writing and S&P denies any interpretation of said writing by JPC. S&P denies that it agreed to indemnify, hold harmless and defend JPC.

20. It is admitted that the subcontract states in part what is averred in paragraph 20 of the Complaint. By way of further answer the averments in this paragraph are based upon the written subcontract and S&P denies any interpretation of said writing by JPC.

21. Admitted.

## COUNT I
## DECLARATORY JUDGMENT

22. S&P incorporates by reference all of the paragraphs set forth above in this answer as though the same were set forth at length herein.

23. Denied. S&P denies that it has a contractual obligation to indemnify, defend and hold harmless JPC in the underlying action.

24. Denied. This paragraph states a conclusion of law to which no response is required. In addition, after reasonable investigation, S&P is without knowledge or information sufficient to form a belief as the truth or falsity of this averment. In addition, Plaintiff's claims do not arise from the "demolition" of the property by S&P.

25. Denied. This paragraph states a conclusion of law to which no response is required.

26. Denied. This paragraph states a conclusion of law to which no response is required. S&P denies that it has a contractual and/or common law obligation to indemnify, defend and hold harmless JPC in the underlying action.

27. Denied. S&P requests that this Court dismiss the claim of JPC and enter judgment in favor of S&P.

WHEREFORE, S&P respectfully request that this Court enter an Order dismissing the claims of JPC and entering judgment in favor of S&P.

## COUNT II
## INDEMNIFICATION - CONTRACTUAL

28. S&P incorporates by reference all of the paragraphs set forth above in this answer as though the same were set forth at length herein.

29. Denied. This paragraph states a conclusion of law to which no response is required. S&P denies that is has a contractual obligation to indemnify, defend and hold harmless JPC in the underlying action. By way of further answer, the averments in this paragraphs are based upon the written subcontract and S&P denies any interpretation of said writing by JPC.

30. Denied. This paragraph states a conclusion of law to which no response is required. S&P incorporates by reference all of the paragraphs set forth above as though the same were set forth at length herein.

31. Denied. This paragraph states a conclusion of law to which no response is required. S&P denies it has a contractual obligation to indemnify, defend and hold harmless JPC in the underlying action.

32. Denied. This paragraph states a conclusion of law to which no response is required.

WHEREFORE, S&P respectfully request that this Court enter an Order dismissing the claims of JPC and entering judgment in favor of S&P.

## COUNT III
## INDEMNIFICATION, COMMON LAW

33. S&P incorporates by reference all of the paragraphs set forth above in this answer as though the same were set forth at length herein.

34. Denied. This paragraph states a conclusion of law to which no response is required. S&P denies that it has a common law obligation to indemnify JPC in the underlying action.

35. Denied. This paragraph states a conclusion of law to which no response is required. It is further denied that S&P was acting as the agent for JPC and there can be no finding vicarious liability for JPC.

36. Denied. This paragraph states a conclusion of law to which no response is required. It is further denied that S&P was acting as the agent for JPC and there can be no finding vicarious liability for JPC.

WHEREFORE, S&P respectfully request that this Court enter an Order dismissing the claims of JPC and entering judgment in favor of S&P.

## COUNT IV
## LIABLE OVER

37. S&P incorporates by reference all of the paragraphs set forth above in this answer as though the same were set forth at length herein.

38. Denied. This paragraph states a conclusion of law to which no response is required.

39. Denied. This paragraph states a conclusion of law to which no response is required.

WHEREFORE, S&P respectfully request that this Court enter an Order dismissing the claims of JPC and entering judgment in favor of S&P.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

JPC's Third Party Complaint against S&P fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The demolition of Plaintiff's property was not caused by any wrongful act or wrongful omission by S&P.

### THIRD AFFIRMATIVE DEFENSE

There is no claim that S&P acted under color of any state ordinance, regulation, custom or usage of any state and there is no federal court jurisdiction over the claims made against S&P.

### FOURTH AFFIRMATIVE DEFENSE

The JPC and S&P subcontract attached to JPC's Third Party Complaint is ambiguous and does not clearly express the intent of S&P when S&P entered the subcontract.

## FIFTH AFFIRMATIVE DEFENSE

S&P does not have a contractual obligation to indemnify, defend and/or hold harmless JPC for any of the claims asserted by Plaintiff or Co-defendants against JPC.

## SIXTH AFFIRMATIVE DEFENSE

The subcontract between JPC and S&P does not reflect a mutual manifestation of intent to be bound by the terms of the Contract on which JPC bases its claims against S&P.

## SEVENTH AFFIRMATIVE DEFENSE

The language of the subcontract between JPC and S&P is obscure and not definite.

## EIGHTH AFFIRMATIVE DEFENSE

The Subcontract between JPC and S&P contains a patent ambiguity because of defective obscure and insensible language.

## NINTH AFFIRMATIVE DEFENSE

There was a disparity of bargaining power between JPC and S&P and JPC presented the terms of the Contract on a take or leave it basis.

## TEN AFFIRMATIVE DEFENSE

The Contract between JPC and S&P was a Contract of adhesion and was volitive of public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

S&P had no knowledge of the alleged failure to timely notify Plaintiff of the demolition as set forth in the Plaintiff's Complaints.

## CROSS CLAIM AGAINST OTHER DEFENDANTS

1.  If S&P should be found liable to JPC pursuant to the claims alleged in the Third Party Complaint against S&P, for which liability is denied by S&P, then S&P asserts that it is entitled to indemnity or contribution from Defendant, City of Philadelphia, Department of License and Inspection, Fran Burns and B. Clark because of their acts and failures to act as set forth in Plaintiff's Complaint filed against them.

WHEREFORE, Defendants, City of Philadelphia, Department of License and Inspection, Fran Burns and B. Clark are alone liable to JPC on JPC's causes of action against S&P or are jointly and severely liable with S&P or are liable over to Third Party Defendant S&P together with costs and counsel fees.

                                              Respectfully submitted,

                                              **KENT & McBRIDE, P.C.**

                                              By_____
                                                  John F. Kent, Esquire
                                                  George F. Dale, Esquire
                                                  Attorney ID No. 26767/22812
                                                  Attorneys for Third Party Defendant,
                                                  S&P General Contracting, Inc.
                                                  d/b/a Surillo & Padres General Contracting
                                                  KENT & McBRIDE, P.C.
                                                  1617 John F. Kennedy Blvd., Suite 1200
                                                  Philadelphia, PA 19103
                                                  215-568-1800
                                                  Our File No: 368-66917

Date: March 8, 2012

## **CERTIFICATE OF SERVICE**

I, George F. Dale, Esquire, hereby certify that on this date, a true and correct copy of the of Third Party Defendant, S&P General Contracting, Inc. d/b/a Surillo & Padares General Contracting, Inc.'s Answer to Third Party Complaint of Third Party Defendant JPC was served upon all counsel and/or parties by via the Court's ECF System and first class mail, postage prepaid:

Louis S. Schwartz, Esquire
1528 Walnut Street, Suite 600
Philadelphia, PA 19102

Jonathan Cass, Esquire
Alexander F. Barth, Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
United Plaza,
30 South 17th Street, 19th Floor
Philadelphia, PA 19103

Brock J. Atkins, Esquire
Assistant City Solicitor
City of Philadelphia Law Dept.
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

KENT & McBRIDE, P.C.

By_____
John F. Kent, Esquire
George F. Dale, Esquire
Attorney ID No. 26767/22812
Attorneys for Third Party Defendant,
S&P General Contracting, Inc.
d/b/a Surillo & Padres General Contracting
KENT & McBRIDE, P.C.
1617 John F. Kennedy Blvd., Suite 1200
Philadelphia, PA 19103
215-568-1800
Our File No: 368-66917

Date: March 8, 2012